# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMIR C. YAZICI, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-658 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | Re: ECF No. 18 |
| MAC PARENT LLC; and SULLIVAN'S OF ) | |
| PITTSBURGH, LLC *doing business as* ) | |
| SULLIVAN'S STEAKHOUSE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**KELLY, Magistrate Judge**

Plaintiff Emir C. Yazici ("Plaintiff") initiated this action against Defendants MAC Parent LLC, Dividend Restaurant Group and Sullivan's Steakhouse (collectively, "Defendants"), alleging claims of employment discrimination. ECF No. 7.

Presently before the Court is a Motion to Dismiss filed by Defendants. ECF No. 18. For the reasons that follow, the Motion to Dismiss will be granted.[1]

**I.      FACTUAL BACKGROUND**

The factual allegations in the *pro se* form Complaint for Employment Discrimination (the "Complaint") filed by Plaintiff are best described as spartan. ECF No. 7.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 3 and 44.

Plaintiff identifies himself as a Turkish, white (Mediterranean), Muslim and male, who was born in 1990. Id. at 4. At some point in November 2021, he was hired by Sullivan's Steakhouse in downtown Pittsburgh, Pennsylvania. Id. at 3; ECF No. 7-1 at 2.[2]

In response to the direction on the form Complaint to provide the "facts of my case," Plaintiff provides only the following facts:

- Was missing pay for 2 months and no action was taken;
- Was not assigned to any dinner parties or nice sections of the restaurant;
- Was not scheduled enough hours;
- Was made fun of for being European and the way I dressed;
- Was mobbed daily and was forced to be busser while intended for management position from day one;
- Was questioned my age multiple times . . . (with ohh I forgot you were 30);
- This manager had GM and a chef fired all males that were on her way to power; and
- Dropped my resume off for review it was ridiculed.

Id. at 5.

## II. PROCEDURAL HISTORY

Plaintiff initiated this action with the submission of a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") on April 21, 2023. ECF No. 1. The IFP Motion was granted and the Complaint was docketed on May 4, 2023. ECF No. 7.

In the form Complaint, Plaintiff checked boxes that this action was brought for discrimination in employment pursuant to:

- Title VII of the Civil Rights Act of 1964;
- Age Discrimination in Employment Act of 1967;
- "Wrongful Termination relevant to Title 7";
- "WARN ACT – was not given promised hours";
- "Discrimination Based on Education – overqualification /forced demotion."

Id. at 3.

---

[2] Defendants state that Plaintiff was employed by Sullivan's of Pittsburgh, LLC, which is a wholly owned subsidiary of Sullivan's Holding, LLC. ECF No. 21 at 8.

Also, on the form Complaint, Plaintiff checked boxes, and made additions, indicating that the discriminatory conduct that he complains of includes:

- Termination of my employment;
- Failure to promote me;
- Unequal terms and conditions of employment;
- Retaliation; and
- Other acts (specify): "Attempt to make be a busser when I was seeking management."

Id. at 4.

On September 5, 2023, Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and a brief in support. ECF Nos. 18 and 21. Plaintiff filed a Response on October 6, 2023. ECF No. 22.[3] Thereafter, Plaintiff filed additional documents, including: an email with the Equal Employment Opportunity Commission ("EEOC"), ECF No. 29; another response to the Motion to Dismiss, ECF No. 36; a notice and supplement, ECF No. 37; a letter to the Court and supplement, ECF No. 38; and another notice and attachment, ECF No. 39.[4] Defendants filed a Reply on December 4, 2023. ECF No. 42.

The Motion to Dismiss is ripe for consideration.

**III.    SCOPE OF THE RECORD**

Federal courts have consistently held that "EEOC documents attached to a defendant's motion to dismiss are reviewable without converting the motion to one for summary judgment because they are not subject to dispute as to their authenticity and issues relating to exhaustion and post-exhaustion timeliness form essential parts of a plaintiff's claims." McNaney v. Sampson &

---

[3] The response filed by Plaintiff appears to be a stream of conscious narrative that does not directly respond to any of the bases upon which Defendants move to dismiss. Also, Plaintiff fails to cite to any supporting statutory or case authority to support his response.

[4] The Court addressed these multiple supplemental filings by Plaintiff in an Order dated November 27, 2023. ECF No. 40. Plaintiff was advised that other than his Response, the other submissions were untimely and filed without leave of court. Notice was given to Plaintiff that all correspondence to the Court must be in the form of a motion or pleading, unless otherwise directed. Id.

3

Morris Grp., Inc., 2022 WL 1017388, at *2 (W.D. Pa. Apr. 5, 2022). "Likewise, courts have construed the records of proceedings before the EEOC, including the issuance of its right-to-sue letter, as matters of public record that may be examined without conversion to summary judgment." Id. "This does not undermine the general rule that where a court considers extrinsic evidence in deciding a motion to dismiss, the motion is converted to one for summary judgment and the parties must be afforded an opportunity to conduct discovery." Rogan v. Giant Eagle, Inc., 113 F.Supp. 2d 777, 781 (W.D. Pa. 2000). This exception to the general rule "is premised on the theory that when a complaint relies on a document, the plaintiff is clearly on notice as to its contents and the need for an opportunity to refute the evidence is diminished." Id. In Rogan, the district court reasoned, "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Id.

In this case, Plaintiff attached one page of the Charge of Discrimination to the Complaint. ECF No. 7-1. In support of the Motion to Dismiss, Defendants have attached Plaintiff's Charge of Discrimination with the EEOC. ECF No. 21-1.

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which

4

"permit the court to infer more than the mere possibility of misconduct . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s of his claim]."). Id. at 233-34.

B. *Pro Se* **Pleadings and Filings**

Plaintiff is proceeding *pro se*. *Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with

pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Dep't. of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Even so, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . . they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

## IV. DISCUSSION

### A. Plaintiff's Title VII and ADEA Claims are Time-Barred.

In the form Complaint that Plaintiff filed, he checked boxes indicating that this action for discrimination in employment is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967("ADEA"), as codified, 29 U.S.C. §§ 621 to 634. ECF No. 7 at 3.

Title VII prohibits employment practices that discriminate based on race, color, religion, sex and national origin. 42 U.S.C. § 2000e-2(a). The ADEA likewise prohibits employers from discriminating against individuals who are over forty years old based on their age. 29 U.S.C. §§

6

623(a), 631(a). The EEOC is the mechanism through which both Title VII and the ADEA claims must begin. Williams v. Pa. Human Rel. Comm'n, 870 F.3d 294, 298 (3d Cir. 2017).

To begin the process of seeking relief, an aggrieved employee seeking must file a charge with the EEOC. Id. This requirement "gives the [EEOC] the opportunity to investigate, mediate, and take remedial action." Id. (quoting Fowlkes v. Ironworkers Loc. 40, 790 F.3d 378, 384 (2d Cir. 2015)). After investigation, if the EEOC finds there is reasonable cause to believe the allegations are true, it "shall endeavor to eliminate any such alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(b). The right to file with the EEOC is not unlimited, and an aggrieved individual must file a charge within 300 days of the "discrete discriminatory act." See Mandel v. M&Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). Discrete acts include, as relevant here, termination. Id. (citing Morgan, 536 U.S. at 114).

In the instant case, Plaintiff alleges in the Complaint that the discriminatory acts against him occurred on or in November 2021. ECF No. 7 at 4.

B. **It is my best recollection that the alleged discriminatory acts occurred on date(s) NOVEMBER 2021**

He does not provide any specific dates during the month of November 2021. Id.

Defendants argue that Plaintiff's Title VII and ADEA claims must be dismissed with prejudice because they are time-barred. ECF No. 21 at 12-13. Defendants point out that even giving Plaintiff the benefit of the latest day in November 2021, the statute of limitations as to his Title VII and ADEA claims began to run on November 30, 2021. Defendants correctly recognize that

Plaintiff did not file his EEOC charge until February 17, 2023.[5] ECF No. 21-1 at 2-3. The date of the EEOC filing is 444 days after November 30, 2021. Defendants contend that the statute of limitations for Plaintiff to file his EEOC charge expired on September 26, 2022 (300 days after November 30, 2021). As such, Plaintiff's Title VII and ADEA claims are time-barred. ECF No. 21 at 13.

In his response in opposition to the Motion to Dismiss, Plaintiff does not specifically address Defendants' argument that his Title VII and ADEA claims are time-barred nor the calculation of days. Instead, he only makes general reference to the EEOC and EEOC mediation and that his case was timely.

- The EEOC has confirmed my case was timely thus we had the mediation which they could have refused in the first place and I sued with an IFP and used stated resources which I very much appreciate you had granted that. ECF No. 22 at 2.
- I would like to point out that if the timeliness was a concern with EEOC, the defendant had more than enough time to resolve that with EEOC. Id.
- I have confirmed that my case was timely with multiple members of the staff and their seniors at the EEOC. Id. at 3.

Plaintiff fails to respond to the calculation of the expiration date of the statute of limitations based on his statement that alleged discriminatory acts occurred in November 2021.

Based on this Court's review, Plaintiff has clearly alleged in the Complaint that the discriminatory acts occurred in November 2021. ECF No. 7 at 4. Assuming the latest possible date of November 30, 2021, the 300 day statute of limitations ran on September 26, 2022. However, Plaintiff did not file the EEOC charge until February 17, 2023. ECF No. 7-1 at 2; ECF No. 21-1 at 2-3. Therefore, Plaintiff's Title VII and ADEA claims are clearly untimely and must be dismissed with prejudice.

---

[5] In the Complaint, Plaintiff states that he filed his EEOC charge on January 10, 2023. ECF No. 7 at 5. However, the EEOC charge was filed and digitally signed by Plaintiff on February 17, 2023. ECF No. 7-1 at 2; ECF No. 21-3 at 2-3.

### B. Plaintiff Fails to State a WARN Act Claim.

In the *pro se* form Complaint that Plaintiff filed, he also checked a box indicating that this action for discrimination in employment is brought under "relevant state law," and he wrote on the accompanying line "WARN ACT – was not given promised hours." ECF No. 7 at 3.

Defendants move to dismiss the WARN Act claims, because Plaintiff has not made any of the allegations required for a WARN Act claim and the Act is wholly inapplicable to this action. ECF No. 21 at 14.

The Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., requires an employer to provide sixty days advanced notice of a "plant closing" or a "mass lay-off." These terms are defined in the pertinent part of the statute as follows:

> (a)(2) the term "plant closing" means the permanent or temporary shutdown of a single site of employment . . . if the shut down results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees;
> . . .
>
> (3) the term "mass lay off" means a reduction in force which -- (A) is not the result of a plant closing; and (B) results in an employment loss at the single site of employment during any 30-day period for -- . . . (ii) at least 500 employees (excluding any part-time employees).

The United States Court of Appeals for the Third Circuit addressed the purpose of the WARN Act in In Re: AE Liquidations, Inc., 866 F.3d 515 (3d Cir. 2017).

> The WARN Act was enacted in response to significant worker dislocation that occurred throughout the 1970s and 1980s when "[a]s companies were merged, acquired, or closed, many employers lost their jobs, often without notice . . . . [And][i]n some circumstances, the projected closings were concealed from the employees." Hotel Emps. & Rest. Emps. Int'l Union Local 54 v. Elsinore Assocs., 173 F.3d 175, 182 (3d Cir. 1999). To ensure that laid-off workers and their families receive "some transition time to adjust to the loss of employment," 20 C.F.R. § 639.1, the Act requires employers to give sixty days' notice to all affected employees or their representatives prior to a mass layoff or plant closing. 29 U.S.C. § 2102(a).

Id. at 523.

In the situation at issue, there were no mass layoffs or plant closings at the Sullivan's restaurant in downtown Pittsburgh. Plaintiff does not allege a mass layoff or plant closing at the restaurant in the Complaint. ECF No. 7. Defendants are correct that Plaintiff's efforts to plead a violation of the WARN Act are entirely misplaced. Plaintiff, proceeding *pro se,* does not appear to understand the WARN Act, the limited circumstances in which it applies, and what is required to allege a violation of the statute. Given that Plaintiff has not and cannot state a claim upon which relief can be granted under the WARN Act, the WARN Act claim is dismissed with prejudice.

### C. Plaintiff Cannot Plead a Violation of the ADEA.

The ADEA expressly forbids age discrimination against employees who are 40 or older, but it does not protect workers under the age of 40. 29 U.S.C. § 631. As such, employees under the age of 40 may not bring a claim under ADEA. Edwards v. Borough of Dickson City, 994 F. Supp.2d 616, 622 (M.D. Pa. 2014).

In the instant case, Plaintiff was born in 1990. ECF No. 7-1 at 2. At the time of the alleged discriminatory conduct in November 2021, he was, at most, 31 years old. Therefore, he cannot bring a claim under the ADEA. As a result, Plaintiff's ADEA claim must be dismissed with prejudice.

### D. Defendants' Additional Grounds for Dismissal of Discrimination Claims

In light of the fact that Plaintiff's Title VII and ADEA claims are clearly time-barred, as noted above, it is not necessary for the Court to address Defendants' alternative arguments for dismissal, including: failure to exhaust administrative remedies relative to claims based on race, color and religious discrimination, ECF No. 21 at 14-15, and failure to plead a Title VII claim with the requisite particularity, Id. at 16-18.

E.  **Federal Rule of Evidence 408**

In the form Complaint, Plaintiff includes numerous references to settlement discussions that took place as part of the EEOC mediation process. When discussing the EEOC charge, Plaintiff references when he "when he went to mediation." ECF No. 7 at 5.  When claiming that he "will be asking for 24 million dollars" in relief, Plaintiff alleges that "initially I was capped at 300,000 and with mediation I believe they came close to 50,000." Id. at 6.

In the pending Motion to Dismiss, Defendants point out that Plaintiff's above-noted statements amount to "revisionist history" and are not grounded in truth. ECF No. 21 at 19. More importantly, Defendants argue that Plaintiff clearly violated Federal Rule of Evidence 408 by directly referencing an alleged "statement made during" the EEOC mediation. Id. As such, Defendants seek to have the Court strike all statements in the Complaint relative to the EEOC mediation because they violated Fed. R. Evid. 408, and Defendants seek dismissal with prejudice of the Complaint on this basis as well. Id.

It is a well-recognized that Federal Rule of Evidence 408 expressly prohibits the use of evidence of "conduct or a statement made during compromise negotiations about the claim" "either to prove or disprove the validity or amount" of a disputed claim. Piazza v. Young, 19-CV-00180, 2024 WL 898116, at *2 (M.D. Pa. March 1, 2024). The purpose behind Rule 408 is the "promotion of the public policy favoring the compromise and settlement of disputes that would otherwise be discouraged with the admission of such evidence." Steak Umm Co., LLC v. Steak 'Em Up, Inc., No. 09-2857, 2009 WL 3540786, at *3 (E.D. Pa. Oct. 29, 2009).

Although this Court recognizes the clear purpose of Rule 408, as noted above, this rule is a federal rule of evidence and does not govern pleadings. As noted by the district court in Steak Umm, while "reference to settlement discussions may be inadmissible," it does not warrant striking

11

them from the Complaint or provide an independent ground for dismissal with prejudice. Id. In light of the rulings granting the Motion to Dismiss, it is not necessary to address the request to strike.

### F. Amendment

A court need not provide leave to amend a complaint where amendment would be futile, meaning that the complaint as amended would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

Here, Defendants argue that because Plaintiff's claims are barred as a matter of law regardless of any additional factual allegations that he may raise, any amendment would be futile. ECF No. 21 at 19-20.

Based on the Court's findings as set forth above, including that Plaintiff's Title VII and ADEA claims are clearly time barred and the WARN Act and ADEA are not applicable, Plaintiff will not be granted leave to amend his complaint, as no additional facts could support his claims and the claims fail as a matter of law, rendering the claims frivolous and any amendment futile.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 18, is properly granted. The Court will enter an appropriate Order to follow.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: April 10, 2024

cc:   All counsel of record by Notice of Electronic Filing