IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMIR C. YAZICI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAC PARENT LLC *a/k/a* DIVIDEND )<br>RESTAURANT GROUP; and SULLIVAN'S )<br>OF PITTSBURGH, LLC *d/b/a* SULLIVAN'S )<br>STEAKHOUSE, )<br>)<br>Defendants. ) | Civil Action No. 23-658<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 55 |

### MEMORANDUM OPINION

**KELLY, Magistrate Judge**

Plaintiff Emir C. Yazici ("Plaintiff") initiated this action against Defendants MAC Parent LLC *a/k/a* Dividend Restaurant Group ("Dividend") and Sullivan's of Pittsburgh, LLC *d/b/a* Sullivan's Steakhouse ("Sullivan's") (collectively "Defendants"),[1] alleging claims of employment discrimination. ECF No. 7. Presently before the Court is a Motion to Dismiss filed by Defendants and a brief in support thereof. ECF Nos. 55, 57. For the reasons that follow, the Motion to Dismiss will be granted.[2]

---

[1] Plaintiff has requested to amend the caption and moved for joinder of additional and/or substitute parties. ECF Nos. 61, 64, 65. Because, as discussed herein, the Complaint fails to state a claim regardless of the identity of the Defendants, the Court will deny the motions as moot.

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 3, 44.

1

I.   **FACTUAL BACKGROUND**

The *pro se* form Complaint for Employment Discrimination (the "Complaint") contains only sparse factual allegations. ECF No. 7. In his Complaint, Plaintiff identifies himself as Turkish, white (Mediterranean), Muslim, and male, and indicates he was born in 1990. Id. at 4. At some point in November 2021, he was hired by Sullivan's, a former steakhouse in downtown Pittsburgh, Pennsylvania. Id. at 3; ECF No. 7-1 at 2.[3]

In response to the direction on the form Complaint to provide the "facts of my case," Plaintiff provides the following:

- Was missing pay for 2 months and no action was taken;
- Was not assigned to any dinner parties or nice sections of the restaurant;
- Was not scheduled enough hours;
- Was made fun of for being European and the way I dressed;
- Was mobbed daily and was forced to be busser while intended for management position from day one;
- Was questioned my age multiple times . . . (with ohh I forgot you were 30);
- This manager had GM and a chef fired all males that were on her way to power; and
- Dropped my resume off for review it was ridiculed.

Id. at 5. The Complaint contains little additional factual development.

II.   **PROCEDURAL HISTORY**

Plaintiff initiated this action with the submission of a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion") on April 21, 2023. ECF No. 1. The IFP Motion was granted, and the Complaint was docketed on May 4, 2023. ECF No. 7. In the Complaint, Plaintiff checked boxes that this action was brought for discrimination in employment pursuant to:

- Title VII of the Civil Rights Act of 1964;
- Age Discrimination in Employment Act of 1967;
- "Wrongful Termination rel[e]vant to Title 7";

---

[3]   Defendants state that Plaintiff was employed by Sullivan's of Pittsburgh, LLC, which is a wholly owned subsidiary of Sullivan's Holding, LLC. ECF No. 57 at 3.

- "WARN ACT – was not given promised hours"; and
- "Discrimination Based on Education – overqualification /forced demotion."

Id. at 3. He further checked boxes, and provided additional information, indicating that the discriminatory conduct of which he complains includes:

- Termination of my employment;
- Failure to promote me;
- Unequal terms and conditions of employment;
- Retaliation; and
- Other acts (specify): "Attempt to make be a busser when I was seeking management."

Id. at 4.

On September 5, 2023, Defendants filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and a brief in support. ECF Nos. 18 and 21. Plaintiff filed a Response on October 6, 2023, ECF No. 22, and thereafter filed a number of additional documents, including an email with the Equal Employment Opportunity Commission ("EEOC"), ECF No. 29; another response to the Motion to Dismiss, ECF No. 36; a notice and supplement, ECF No. 37; a letter to the Court and supplement, ECF No. 38; and another notice and attachment, ECF No. 39.[4] Defendants filed a Reply on December 4, 2023. ECF No. 42. Pursuant to the Order and Memorandum Opinion entered on April 10, 2024 ("April 2024 Opinion"), the Court granted Defendants' Motion to Dismiss and dismissed the case on various grounds, including that it was untimely. ECF Nos. 46, 47. On that same date, the Court entered judgment in favor of Defendants pursuant to Federal Rule of Civil Procedure 58. ECF No. 48.

---

[4] The Court addressed these multiple supplemental filings by Plaintiff in an Order dated November 27, 2023. ECF No. 40. Plaintiff was advised that, other than his Response, the other submissions were untimely and filed without leave of court. Notice was given to Plaintiff that all correspondence to the Court must be in the form of a motion or pleading, unless otherwise directed. Id.

Plaintiff filed a Notice of Appeal on April 19, 2024. ECF No. 50. On November 25, 2024, the United States Court of Appeals for the Third Circuit affirmed in part and denied in part this Court's judgment and remanded the matter for further consideration. Specifically, the Third Circuit upheld the dismissal of all of Plaintiff's claims except for those brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. As to those claims, the Third Circuit expressed "no opinion regarding the timeliness of the EEOC charge or the merits of [Plaintiff's] Title VII claims." ECF No. 53 at 5.

Following remand, on January 13, 2025, Defendants filed a renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") and a brief in support. ECF Nos. 55, 57. Therein, they once again argue that the case is untimely and that, in any event, Plaintiff has not exhausted his administrative remedies as to race, color, and religion and that he has failed to plead any of his Title VII claims with sufficient particularity. ECF No. 57. On February 4, 2025, Plaintiff filed an unsigned response that failed to address any of the issues raised by Defendants. ECF No. 58. Defendants filed their Reply on February 11, 2025. ECF No. 59.

The Motion to Dismiss is ripe for consideration.

## III.   STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct …," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009), and "raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In assessing a plaintiff's claims, "the Court must accept all non-conclusory allegations in the complaint as true, and the non-moving party 'must be given

the benefit of every favorable inference.'" Mergl v. Wallace, No. 2:21-CV-1335, 2022 WL 4591394, at *3 (W.D. Pa. Sept. 30, 2022) (quoting Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) and Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992)).

"However, the Court 'disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements.'" Mergl, 2022 WL 4591394, at *3 (quoting City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878–79 (3d Cir. 2018) and James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012)).  In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, and matters of public record, as well as undisputedly authentic documents if the complainant's claims are based on these documents.  See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Where, as here, the plaintiff is proceeding *pro se*, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements.  See Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ((A "petition prepared by a prisoner ... may be inartfully drawn and should ... be read 'with a measure of tolerance.'")  "Yet 'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)).

## IV.  DISCUSSION

### A. Timeliness

As noted above, the only claims remaining in this matter are those brought pursuant to Title VII. Defendants continue to assert that these claims are time-barred because Plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the termination of his employment. In so arguing, they submit emails between Plaintiff and Lisa Bachicha, an employee of Dividend, which Defendants argue evince a common understanding that Plaintiff's position had been terminated by March 1, 2022, and in no event later than March 9, 2022. ECF No. 55-5 at 2, 11. They argue that even this later date is more than 300 days before the earliest date Plaintiff could possibly have filed a charge with the EEOC.

Defendants are correct, of course, that an aggrieved employee seeking relief must first file a charge with the EEOC. See Williams v. Pa. Human Rel. Comm'n, 870 F.3d 294, 298 (3d Cir. 2017). This requirement "give[s] the [EEOC] the opportunity to investigate, mediate, and take remedial action." Id. (quoting Fowlkes v. Ironworkers Loc. 40, 790 F.3d 378, 384 (2d Cir. 2015)). After investigation, if the EEOC finds there is reasonable cause to believe the allegations are true, it "shall endeavor to eliminate any such alleged unlawful employment practice ...." 42 U.S.C. § 2000e-5(b). A claimant "must file a charge within the statutory time period and serve notice upon the person against whom the charge is made." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). This time period is different in "deferral" and "non-deferral" states:

> In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days. A claim is time barred if it is not filed within these time limits.

Id.  See also 42 U.S.C. § 2000e-5(e).  Plaintiff's discharge constitutes the discrete employment action at issue here.  See Mandel v. M&Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (quoting Morgan, 536 U.S. at 114).  Accordingly, since Pennsylvania is a deferral state, Plaintiff was required to file an EEOC charge within 300 days of his termination.  See id. at 165.

   The operative date on which Plaintiff's charge with the EEOC was deemed to be filed is unclear.  The EEOC Charge of Discrimination attached to the Complaint ("EEOC Charge") indicates that it was filed on February 17, 2023. ECF No. 7-1 at 2.  However, Plaintiff contends that he first raised his allegations with the EEOC on January 10, 2023, ECF No. 7 at 5, and has provided an apparently corroborating email between himself and the EEOC, ECF No. 29.  Defendants contend that, even accepting the earlier of these two dates as the relevant one, for the EEOC Charge to be timely, Plaintiff's termination had to have occurred within 300 days of this date, i.e., he must have been discharged on or after approximately March 17, 2022.  As noted, Defendants argue that the emails they have attached to their Motion to Dismiss establish Plaintiff's discharge necessarily occurred prior to, at the latest, March 9, 2022.

   The issue at this initial stage of the proceedings is that the Court is limited as to the material upon which it can rely in rendering a decision.  A timeliness defense can be raised by a motion under Rule 12(b)(6) "only 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).  Therefore, "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'"  Id. (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)).

As a general rule, courts consider only the pleadings themselves in evaluating a Rule 12(b)(6) motion. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Here, the Complaint itself identifies "November 2021" as the date of the adverse employment action and indicates that Plaintiff's EEOC Charge was filed on January 10, 2023. ECF No. 7 at 4-5. As the Court discussed in the April 2024 Opinion, these dates would render his claims untimely. ECF No. 46 at 6-8.

However, certain exceptions apply to the general rule that courts do not consider material outside of the pleadings in considering Rule 12(b)(6) motions. See In re Burlington, 114 F.3d at 1426. Courts can also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). These exceptions clearly encompass the EEOC Charge and Notice of Right to Sue attached to the Complaint. See McNaney v. Sampson & Morris Grp., Inc., No. 2:21-cv-1809, 2022 WL 1017388, at *2 (W.D. Pa. Apr. 5, 2022) (explaining that "courts have construed the records of proceedings before the EEOC, including the issuance of its right-to-sue letter, as matters of public record that may be examined without conversion to summary judgment" and that such documents "are not subject to dispute as to their authenticity[,] and issues relating to exhaustion and post-exhaustion timeliness form essential parts of a plaintiff's claims").

As the Third Circuit observed in its decision remanding this matter previously, the EEOC Charge that Plaintiff attached to the Complaint painted a different picture as to the timeliness of this action, suggesting completely different dates as to both the date of the adverse employment action and the date on which Plaintiff filed with the EEOC. The EEOC Charge contains two separate potential dates as to when the discriminatory action took place, March 31, 2022, and

8

March 31, 2021. ECF No. 7-1 at 2. However, given that Plaintiff does not allege that he was hired until November of 2021, it appears that the 2021 date was a typographical error. Id. Therefore, the EEOC Charge, which can be considering in evaluating a Rule 12(b)(6) motion, provides a date different from that set forth in the Complaint itself, creating ambiguity as to when Plaintiff's discharge occurred.

Further, the EEOC Charge indicates that it was filed on February 17, 2023. Id. However, as discussed herein and as recognized by the Third Circuit, other evidence in the record, specifically an email between Plaintiff and the EEOC, suggests an earlier operative "filing" date of January 10, 2023, consistent with the Complaint, based on Plaintiff's contact with the EEOC on that date, ECF No. 29. The filing date, therefore, is also ambiguous based on the Complaint and the EEOC documents on which the Court could rely. It is this ambiguity that warranted the earlier remand of this matter.

It is for this reason that Defendants now purport to rely on the emails attached to the Motion to Dismiss to establish the date of the adverse employment action. ECF No. 55-5. The problem is that the emails fall under none of the exceptions that would permit the Court to consider them at the motion to dismiss stage of the proceedings. These emails were not attached to the Complaint, nor are they matters of public record. Therefore, for the Court to consider such material in the context of a Rule 12(b)(6) motion, they must fall within the third exception, *i.e.*, they must be undisputedly authentic, and Plaintiff's claims must have been based upon these documents. Even assuming that these emails could be deemed to be "undisputedly authentic," Plaintiff's claims are clearly not based on them; he neither references them nor states that such emails provided notice of his discharge. Plaintiff, in fact, alleges that he was never formally notified of his termination.

ECF No. 7 at 5.  As such, the emails are beyond the scope of material the Court can consider in evaluating the instant Motion to Dismiss.

Other courts have found similarly in analogous situations.  In <u>Ecore Int'l, Inc. v. Downey</u>, Civ. Nos. 11-6843, 16-1993, 2018 WL 11691253 (E.D. Pa. Feb. 27, 2018), for example, the court denied the defendants' Rule 12(b)(6) motion raising a statute of limitations defense because the defense was "founded entirely on extra-record materials – two emails and a website printout – none of which are integral to or explicitly relied upon in Plaintiff's Complaint." <u>Id.</u> at *1 n.1.  <u>See also</u> <u>Doe v. Roe</u>, No. 2:12-cv-01644, 2013 WL 1787175, at *4 (D. Nev. Apr. 25, 2013). Conversely, in <u>Woolslayer v. Driscoll</u>, Civ. No. 20-573, 2020 WL 5983078 (W.D. Pa. Oct. 8, 2020), the court considered an attached email in deciding a Rule 12(b)(6) motion in a Section 1983 First Amendment retaliation case because the email was "detailed in the Complaint and comprise[d] the speech that [the plaintiff] alleges was constitutionally protected." <u>Id.</u> at *1 n.1. The situation here is far closer to that in <u>Encore Int'l</u>, given that the emails at issue were in no way relied upon in the Complaint, nor do they themselves constitute the means by which Plaintiff's termination took place.

Accordingly, the Court cannot consider the emails attached by Defendants in evaluating the Motion to Dismiss.  In the absence of these emails, the question of whether the Complaint is timely remains murky and not subject to adjudication at this stage of the proceedings.

### B. Sufficiency of Pleadings

Defendants do, however, raise other grounds on which they argue the Complaint should be dismissed pursuant to Rule 12(b)(6), including that the spartan factual pleadings contained therein are insufficient to state a cause of action pursuant to Title VII.  On this ground, the Court agrees with Defendants.

10

To make out a prima facie case of disparate treatment discrimination, a plaintiff must allege that: (1) he belonged to a protected class; (2) he was qualified for the position in question; (3) he was subject to an adverse employment action; and (4) the adverse action was taken under circumstances giving rise to an inference of discrimination. See Greene v. Virgin Islands Water & Power Auth., 557 F. App'x 189, 195 (3d Cir. 2014).[5] However, "for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." Connelly v. Lane Const. Corp., 809 F.3d 780, 788 (3d Cir. 2016). As the Third Circuit has explained, "[a] *prima facie* case is 'an evidentiary standard, not a pleading requirement,'" id. at 789 (quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510 (2002)), and therefore "is 'not a proper measure of whether a complaint fails to state a claim,'" id. (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009)). Rather than necessitating that a plaintiff plead a *prima facie* case, the post-Twombly standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

Defendants do not suggest that the Complaint insufficiently states facts that would raise a reasonable expectation that discovery would reveal evidence of the first three elements of a Title VII *prima facie* case. The issue is whether the Complaint does so with regard to the fourth element – that the adverse action was taken under circumstances giving rise to an inference of discrimination.

---

[5]   Under Title VII, a plaintiff may raise a claim for discrimination "under either the pretext theory set forth in McDonnell Douglas Corp. v. Green[, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973) ], or the mixed-motive theory set forth in Price Waterhouse v. Hopkins[, 490 U.S. 228, 109 S. Ct. 1775, 104 L.Ed.2d 268 (1989) ], under which a plaintiff may show that an employment decision was made based on both legitimate and illegitimate reasons." Connelly, 809 F.3d at 787. Nothing in the Complaint suggests, or would support, a mixed-motive theory.

> A plaintiff may satisfy the fourth element of a prima facie case for Title VII discrimination by alleging facts that similarly situated employees, outside of the protected class, were treated more favorably. See Mandel v. M&Q Packaging Corp., 706 F.3d 157, 170 (3d Cir. 2013). A plaintiff may not, without appropriate allegations, selectively choose some comparators while ignoring others. See Simpson v. Kay Jewelers, 142 F.3d 639, 645 (3d Cir. 1998). Alternatively, a plaintiff can adequately allege discriminatory animus by alleging facts that "otherwise show[ ] a causal nexus between [the employee's] membership in a protected class and the adverse employment action. Greene v. V.I. Water & Power Auth., 557 F. App'x 189, 195 (3d Cir. 2014) …. Stray remarks and unconnected, coincidental circumstances do not satisfy this element of the prima facie case. Id. at 196.

Emerson v. Stern & Eisenberg, P.C., No. CV 21-3096, 2022 WL 10208548, at *5 (E.D. Pa. Oct. 17, 2022) (internal citations omitted in part). Upon review, the Court agrees that the factual allegations set forth in the Complaint fail to raise a reasonable expectation that discovery will reveal evidence of this element.

As the Court has emphasized, the Complaint provides very limited facts. The only statements in the Complaint that are arguably relevant at all to the issue of whether Plaintiff's discharge was under circumstances giving rise to an inference of discrimination are Plaintiff's claim that he "[w]as made fun of for being European and the way I dressed," and that "This manager had GM and a chef fired all males that were on her way to power." ECF No. 7 at 5. Neither raises a reasonable expectation that discovery will reveal evidence of the requisite inference of discrimination.

The first statement refers to no more than "stray remarks" that Plaintiff does not attribute to anyone in particular. Significantly, there is no allegation that such remarks were made by a person with decision-making authority as to Plaintiff's employment. See, e.g., Walden v. Georgia-Pac. Corp., 126 F.3d 506, 521 (3d Cir. 1997) ("We have generally held that comments by those

12

individuals outside of the decisionmaking chain are stray remarks, which, standing alone, are inadequate to support an inference of discrimination.") (citing Gomez v. Allegheny Health Serv., Inc., 71 F.3d 1079, 1085 (3d Cir. 1995)).  The second statement apparently refers to two male employees who were allegedly terminated for unknown reasons.  In no way does this vague assertion suggest that similarly situated employees, outside of the protected class, were treated more favorably than Plaintiff or demonstrate any causal nexus between Plaintiff's membership in a protected class and his discharge.  In short, there is no basis to find, based on Plaintiff's very vague allegations, that discovery would reveal evidence of discriminatory animus.

Accordingly, because Plaintiff's Complaint fails to adequately state a claim pursuant to Title VII, the Court will grant Defendants' Motion to Dismiss.[6]

**C.     Amendment**

If a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile.  See Grayson v. Mayview St. Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Budhun v. Reading Hosp. and Med. Cntr., 765 F.3d 245, 259 (3d Cir. 2014).  "Amendment would be futile if the amended complaint would not survive a motion to dismiss for failure to state a claim."  Budhun, 765 F.3d at 259.

Had the Court granted Defendants' Motion to Dismiss on the ground of timeliness, it may have found amendment to be futile.  However, given the basis for the Court's decision, the primary deficiency here relates to a lack of facts pled that would support a plausible cause of action and permitting amendment would therefore not necessarily be futile.  Accordingly, Plaintiff may, no

---

[6]     Because the Court is dismissing the Complaint on these grounds, it does not reach the issue of the extent to which Plaintiff has exhausted his administrative remedies.

later than August 19, 2025, file an Amended Complaint **as to his Title VII claims only** to correct the pleading deficiencies identified in this Memorandum Opinion. Any such Amended Complaint:

(1) must fully and clearly allege each Title VII claim he wishes to raise and identify the Defendant(s) against whom the claim is being brought;

(2) must be a pleading that stands by itself without reference to other filings in this case; and

(3) may **not** re-allege claims previously dismissed with prejudice.

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 55, is granted as set forth herein. The Court will enter an appropriate Order to follow.

BY THE COURT,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: July 29, 2025

cc:     All counsel of record by Notice of Electronic Filing

       Emir Cihan Yazici
       5121 Catoma St. C180
       Jacksonville, FL 32210